CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
November 04, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JAQWAIL VaKEITH BRAXTON,** | ) | |
| Plaintiff, | ) ) | Case No. 7:25CV00071 |
| v. | ) ) | **OPINION AND ORDER** |
| **CORRECTIONAL OFFICER DUSTIN CASEY, ET AL.,** | ) ) ) | JUDGE JAMES P. JONES |
| Defendants. | ) ) ) | |

*Jaqwail VaKeith Braxton, Pro Se Plaintiff; D. Patricia Wallace,* OFFICE OF THE ATTORNEY GENERAL, CRIMINAL JUSTICE & PUBLIC SAFETY DIVISION, *Richmond, Virginia, for Defendants Blankenship and Casey.*

The plaintiff, a Virginia prisoner proceeding without an attorney, filed this civil rights action pursuant to 42 U.S.C. § 1983. In his Complaint, Braxton alleges that the defendants, Correctional Officers Dustin Casey and Lt. M. Blankenship, used excessive force against him while he was incarcerated at Keen Mountain Correctional Center (KMCC). Braxton has filed a separate motion seeking interlocutory injunctive relief. After review of the pleadings and the record, I conclude that Braxton's motion for interlocutory relief must be denied.

A party seeking interlocutory injunctive relief must state facts clearly showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and

that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Each of these four factors must be satisfied before the court can grant this extraordinary type of relief. *Id.*

Sometime around September 21, 2024, officials transferred Braxton to Wallens Ridge State Prison (WRSP). He alleges that at WRSP on May 14 and 16, 2025, a Virginia Department of Corrections (VDOC) Western Regional Strike Force Unit conducted inmate showers in Braxton's housing unit. On these two days, Braxton was denied a shower, and he asked why. One of the strike force members, Roberts, whom Braxton knew from KMCC, answered him, "because you ratted on Casey," who was Roberts' friend and co-worker. Am. Compl. 11, Dkt. No. 26.[*] Braxton interpreted this statement to refer to this lawsuit filed against Casey and Blankenship.

Braxton also states that after the assault in July 2024, he experienced "ongoing abuse, harassment, provocation and constant threats of physical harm by officer's and/or staff" in the western region of the VDOC. *Id*. Ex. G, Braxton Decl., at 36, Dkt. No. 26-1. At an internal classification hearing on August 22, 2024, Braxton told Unit Manager Dye that he did not think he would be safe to remain confined in the western region, where he "feared for [his] safety because of ongoing threats by

---

[*] Citations to page numbers on court documents are to those numbers assigned by the court's electronic case management system.

officers," Am. Compl. 7, Dkt. No. 26. Braxton's "concerns were ignored and [he] was deliberately sent through fraudulent affairs to" WRSP. Braxton Decl., at 37, Dkt. No. 26-1.

Braxton's current motion, which contains no factual allegations, asserts that the court should order Casey, Blankenship, and others, including the VDOC K9 Unit not to retaliate against him or harass him in unspecified ways. He also wants someone to order his immediate transfer to the eastern region of the VDOC.

Braxton has not stated facts showing that he is in imminent danger of suffering irreparable harm in the absence of court intervention. The defendants allegedly involved in retaliatory actions in the past are employed at KMCC, while Braxton is now confined at WRSP. The regional strike force including Roberts from KMCC was engaged in operations at WRSP on one occasion for two days. Braxton states no facts indicating a likelihood that the strike force or Roberts will interact with him at any time in the future at WRSP. Missing two showers cannot qualify as irreparable harm, even if it happened again.

Braxton also fails to demonstrate a likelihood of success on the merits of his underlying retaliation claim. Conclusory allegations of retaliation are not sufficient to support an actionable claim under § 1983. *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). Moreover, a retaliation claim requires facts showing that the defendants' allegedly retaliatory conduct caused an adverse action that "would likely deter a

person of ordinary firmness from the exercise of First Amendment rights." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005) (internal quotation marks and citation omitted). The defendant's conduct must have "resulted in something more than a *de minimis* inconvenience to [the plaintiff's] exercise of First Amendment rights." *Id.* (internal quotation marks and citation omitted). Missing two showers on one occasion as Braxton alleges is nothing more than a *de minimis* inconvenience and is not likely to deter him from exercising his First Amendment rights, as he did by filing this lawsuit.

The other factors of the *Winter* test also do not weigh in favor of the relief Braxton seeks. The Supreme Court has repeatedly cautioned courts to defer to the expertise of prison officials in administering their facilities and determining inmate housing assignments. *Florence v. Bd. of Chosen Freeholders*, 566 U.S. 318, 326 (2012) (finding that because "[t]he difficulties of operating a detention center must not be underestimated by the courts[,] . . . the importance of deference to correctional officials" cannot be overstated). Thus, a court order directing officials to transfer Braxton as he desires would be an unwarranted intrusion into the administration of VDOC prison interests and not in the public interest. Finally, Braxton has no constitutional right to be confined in any particular prison. *Meachum v. Fano*, 427 U.S. 215, 224 (1976).

In short, the factual matter provided in this motion and the Amended Complaint does not satisfy the four-part legal standard under *Winter* as required. Therefore, for the stated reasons, Braxton's motion seeking interlocutory injunctive relief, Dkt. No. 21, is DENIED. This case will be scheduled for trial as to the claims against Correctional Officers Dustin Casey and Lt. M. Blankenship as set forth in the original Complaint filed January 30, 2025, Dkt. No. 1. The claims against other defendants contained in an Amended Complaint filed on July 11, 2025, Dkt. No. 26, will be determined thereafter.

It is so **ORDERED.**

ENTER: November 4, 2025

/s/  JAMES P. JONES
Senior United States District Judge